MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
Samuel S. Sadeghi, Bar No. 311785
600 Anton Boulevard
Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
sam.sadeghi@morganlewis.com

Attorneys for Defendant
SYNEOS HEALTH US, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SCURLOCK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYNEOS HEALTH US, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-cv-09444<br><br>[Los Angeles Superior Court Case No. 22STCV36776]<br><br>**DEFENDANT SYNEOS HEALTH US, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1332(a), 1441 and 1446]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Syneos Health US, Inc. ("Syneos Health" and "Defendant") hereby removes the above-entitled action from the Los Angeles Superior Court to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446.

## I. PROCEDURAL BACKGROUND

On November 21, 2022, Reginald Scurlock ("Plaintiff") filed an unverified putative class action complaint for damages and penalties in the Superior Court of the State of California, County of Los Angeles, entitled *Reginald Scurlock, on behalf of himself and all others similarly situated v. Syneos Health US, Inc., a Delaware corporation; and Does 1 through 50, inclusive*, Case No. 22STCV36776.

On November 29, 2022, Plaintiff served the Complaint, Summons, Civil Case Cover Sheet, Civil Cover Sheet Addendum, ADR information Package, Notice of Case Assignment, Voluntary Efficient Litigation Stipulation Packet, and First Amended General Order on the registered agent for Defendant. A copy of Plaintiff's Complaint is attached as **Exhibit A**, which is a true and correct copy of the Complaint served on Defendant in the Superior Court action. A copy of the Summons and accompanying case initiation and service documents are attached as **Exhibit B**, which is a true and correct copy of the process and orders served upon Defendant in the Superior Court action.

Through his Complaint, Plaintiff alleged Defendant violated various provisions of the California Labor Code and committed unlawful business practices. In addition to actual and liquidated damages, Plaintiff seeks restitution, declaratory relief, pre-judgment interest, statutory penalties, costs, attorneys' fees, and "such other relief as the Court deems just and proper." *See generally* Compl. (Prayer for Relief).

Plaintiff seeks to represent the following Classes:

<u>Expense Reimbursement Class</u>: All persons employed by Defendants in California who worked from their home during the Relevant Time Period.

<u>Wage Statement Penalties Sub-Class</u>: All Expense Reimbursement Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

<u>Waiting Time Penalties Sub-Class</u>: All Expense Reimbursement Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

<u>UCL Class</u>: All Expense Reimbursement Class members employed by Defendants in California during the Relevant Time Period.

Compl. ¶ 9.

Plaintiff defines "<u>Relevant Time Period</u>" as the "relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered." *Id.* at ¶ 9. Plaintiff alleges the following violations in five causes of action against Defendant: (1) Failure to Indemnify; (2) Failure to Provide Accurate Written Wage Statements; (3) Failure to Timely Pay All Final Wages; (4) Secret Profit Through Unlawful Deductions; (5) Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq*.

## II. **REMOVAL IS TIMELY**

Plaintiff served the registered agent for Defendant on November 29, 2022. *See* Ex. A, attached. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run when defendant is formally served with a complaint). No previous Notice of Removal has been filed or made with this

Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiff brings this action as a putative class action. Compl. ¶ 1. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *see also, e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

An individual is a citizen of the state in which he is domiciled. *Kanter v.*

---

[1] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff admits that he "is and was, and at all relevant times mentioned herein, an individual residing in the State of California." Compl. ¶ 4.  The Complaint does not allege any alternate state citizenship.  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.  Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

Per 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Syneos Health is a Delaware corporation with its principal place of business in North Carolina, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The majority of Syneos Health's books and records are located at its headquarters in North Carolina, and the majority of its executive and administrative functions are directed from Syneos Health's headquarters in North Carolina (including but not limited to operations, corporate finance, accounting, human resources, and information systems).  As such, Syneos Health is not a citizen of California, for the purposes of determining diversity under CAFA.  *See* 28 U.S.C. § 1332(d)(10).

Based on the Complaint, at least one member of the putative plaintiff class is a citizen of California, while Defendant is not a citizen of California.  Therefore, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### B.   The Putative Class Has More Than 100 Members.

Plaintiff asserts claims on behalf of a putative class and subclasses comprised of "[a]ll persons employed by Defendants in California who worked from their

home during the Relevant Time Period" where the "relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered." Compl. ¶ 9. Defendant's business records show that approximately 1,991 employees worked for Syneos Health from their home in California between November 21, 2018 and December 22, 2022.

### C. The Amount in Controversy Exceeds $5 Million.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). However, the amount in controversy simply represents the potential amount at stake—it does not reflect actual liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Defendant's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). This exercise does not consider a plaintiff's likelihood of successful recovery. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount' . . . ." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. "[T]he Court accepts the allegations contained in the

complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim" in assessing the amount in controversy. *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).

To drive out any lingering "antiremoval presumption" in CAFA cases, our Court of Appeals recently "reaffirm[ed] three principles that apply in CAFA removal cases:"

> First, a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements. . . .
>
> Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions . . . .
>
> Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

*Arias*, 936 F.3d at 922 (internal citations and quotations omitted). "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Id.* at 925 (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). Such assumptions must be reasonably grounded in the underlying allegations of the complaint. *Id.* "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005) (citation omitted).

Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he seeks to represent, is entitled to recovery. Defendant properly complied with the Labor Code provisions at issue at all relevant times. However, as detailed below, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that this Court has jurisdiction pursuant to CAFA. 28 U.S.C. § 1332(d)(2). Plaintiff's allegations and prayer for

relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

### 1. Plaintiff's First Cause of Action for Failure to Indemnify Puts at Least $199,100 in Controversy.

Plaintiff's First Cause of Action alleges a failure to reimburse necessary business expenses under California Labor Code section 2802. *See* Compl. ¶¶ 26-34. Section 2802 mandates that employers pay all reasonable and necessary business expenses of their employees. Cal. Lab. Code § 2802.

Plaintiff alleges that "Plaintiff and putative class members worked remotely in a home office and telecommuted as part of their job for Defendants." Compl. ¶ 18. Plaintiff further alleges that "Plaintiff and the putative class members were not reimbursed for business expenses incurred in telecommuting as part of their job including but not limited to, electricity and utility expenses, wifi expenses, the expenses of required personal cell phone usage, and/or rent expenses for the physical office space they were required to keep in their home." *Id*. at ¶ 21. Plaintiff further alleges that Defendant "failed to indemnify Plaintiff and Expense Reimbursement Class members for all such expenditures." *Id.* at ¶ 31.

According to Defendant's records, approximately 1,991 putative class

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims and theories of liability is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the amounts or penalties sought in the Complaint. In addition, Defendant denies that liability or damages can be established either as to the Plaintiff or on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could recover any damages based upon the allegations contained in the Complaint or otherwise. Moreover, nothing in these calculations suggests that the alleged claims can be adjudicated on a class basis when actual facts are considered. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc*., 627 F.3d 395, 400 (9th Cir. 2010).

members (*i.e.*, California-based employees who worked from home) have worked for Defendant between November 21, 2018 and December 22, 2022.  Assuming the 1,991 employees in the putative class incurred $100 in total expenses, which according to Plaintiff's theory includes the "electricity and utility expenses, wifi expenses, the expenses of required personal cell phone usage, and/or rent expenses for physical office space they were required to keep in their home," the amount in controversy for unreimbursed expenses is approximately **$199,100**.

      **2.**    **Plaintiff's Second Cause of Action for Failure to Provide Accurate Wage Statements Places an Additional $1,300,000 in Controversy.**

Plaintiff's Second Cause of Action alleges damages from, and requests penalties for, Defendant's alleged violation of California Labor Code section 226.  Under Section 226, employers must provide employees with itemized wage statements showing various pieces of information, including gross wages earned, total hours worked, and net wages earned.  Cal. Lab. Code. § 226(a).  A wage statement claim has a one-year statute of limitations.  *See* Code Civ. Proc. § 340.  An employee who suffers a violation under Section 226 may recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs, and $100 per pay period for each subsequent violation, up to a maximum statutory amount of $4,000.  Cal. Lab. Code § 226(e)(1).

Plaintiff alleges that Defendant failed to provide him and putative class members with accurate wage statements by "misle[ading] them about their actual indemnification."  Compl. ¶ 40.  Plaintiff alleges that the "gross wages" and "net wages" displayed on the wage statements "were not accurately reflected in that all necessary business expenses were not included."  *Id.* at ¶¶ 24-25.  Plaintiff seeks statutory penalties, as well as costs and attorneys' fees.  *See id.* at ¶¶ 41-42.

Assuming Plaintiff's theory (which Defendant does not believe is viable), that Defendant failed to indemnify putative class members for business expenses, gave rise to one inaccurate wage statement per month, the putative class members

worked around 1,300 months during the one-year limitations period from November 21, 2021 to December 22, 2022. Therefore, Plaintiff's claim for wage statement penalties places about **$1,300,000** in controversy.

        **3.**    **Plaintiff's Third Cause of Action for Failure to Timely Pay All Final Wages Puts an Additional $3,936,000 in Controversy.**

In his Third Cause of Action, Plaintiff alleges that Defendant failed to timely pay Plaintiff and the Waiting Time Penalties Sub-Class members "their final wages in accordance with the Labor Code." Compl. ¶¶ 48-49. Plaintiff alleges that all Waiting Time Penalties Sub-Class members did not receive all of the wages they earned upon termination, upon resignation (if they provided Defendant with at least 72 hours of notice), or within 72 hours of resignation (if they resigned after providing Defendant with less than 72 hours of notice) because Defendant had a policy and practice of paying their final wages "without regard to the requirements of Labor Code § § 201 or 202." *Id.* at ¶¶ 45-47, 50. Plaintiff defines the Waiting Time Penalties Sub-Class as "[a]ll persons employed by Defendants in California who worked from their home" and "who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered." *Id.* at ¶ 9.

A claim for waiting time penalties under California Labor Code section 203 has a three-year statute of limitations. *See Brewer v. General Nutrition Corp.*, 2015 WL 5072039, at *13 (citing *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1401-02 (2010)). The penalty under section 203 is measured at the employee's daily rate of pay and is calculated by multiplying the daily wage by the number of days that the employees was not paid, up to a maximum of 30 days' wages. *See, e.g., Ming-Hsiang Kai v. Joy Holiday*, 12 Cal. App. 5th 947, 963 (2017).

Under Plaintiff's theory, all putative class members whose employment has ended since November 21, 2019 are entitled to recover waiting time penalties equal to 30 days' wages. *See, Schuyler v. Morton's of Chi., Inc.*, No. CV 10-06762 ODW

(JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time penalties where complaint alleges multiple wage violations that were never paid); *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3046965, at *4 (C.D. Cal. June 19, 2018) (noting that "[r]ecovery of penalties under Cal. Labor Code § 203 does not hinge upon the number of violations committed" and finding that for purposes of assessing the amount in controversy, "all 112 terminated/resigned employees experienced *some* kind of violation . . . for which they were still owed wages at the time their employment ended" (emphasis added)).

Between November 21, 2019 and November 21, 2022, the employment of approximately 820 putative class members has ended. Over 97% of those 820 putative class members earned more than $20 per hour at the time of separation, and the majority of them earned significantly above $20 per hour (*e.g.*, over 50% earned at least $50 per hour). Thus, Plaintiff's claim for waiting-time penalties places at least **$3,936,000** in controversy (820 terminated or resigned putative class members x 8 hours per workday of daily wages x $20 per hour x 30 days).

4. **Plaintiff's Remaining Causes of Action and Request for Attorney's Fees puts Additional Amounts in Controversy, Exceeding the CAFA Threshold**

In addition to this amount, Plaintiff also seeks damages for Defendant's alleged secret profit through unlawful deduction (Plaintiff's Fourth Cause of Action) and recovery of attorneys' fees. Compl. at Prayer for Relief (¶ 11). While Defendant denies Plaintiff's claim for attorneys' fees, attorneys' fees are properly included in determining the amount in controversy. As *Arias* makes clear, "*prospective* attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922 (emphases added); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) ("The phrases 'all relief' and 'certain classes of damages' encompass *all of the plaintiff's*

*future recovery*, not lost wages alone.  Accordingly, *Chavez*'s reasoning *clearly applies to attorneys' fees*.") (emphases added).

      For purposes of removal, courts in the Ninth Circuit often use a rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("20–30% as the usual range" for attorneys' fees); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund); *see also Arias*  936 F.3d 920, 927 (9th Cir. 2019).  "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."  "Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be *added* to any claim for which attorneys' fees are available" for purposes of assessing the amount in controversy under CAFA.  *Herrera v. Carmax Auto Superstores California, LLC*, No. EDCV14776MWFVBKX, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014) (emphasis added); *see also, e.g.*, *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) ("Applying a 25% fee estimate to the $2,931,794.63 compensatory damages figure . . .yields an attorneys' fee award of $732,948.65.  Therefore, the Court includes this amount in determining the amount in controversy."); *Tompkins v. Basic Research LLC*, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) ("[T]he Ninth Circuit has established that 25% of the common fund is a fair estimate of attorneys' fees.  This therefore adds $500,000 to the amount in controversy.") (internal citations omitted).

      The inclusion of attorneys' fees would add at least another **$1,358,775** to the amount in controversy, calculated as 25% of $5,435,100 (*i.e.*, the sum of  $199,100 for the expense reimbursement claim, $1,300,000 for the wage statement claim, $3,936,000 for the waiting time claim).  Accordingly, the grand total in controversy, including attorneys' fees, totals at least **$6,793,875**.

## IV. VENUE

This action was originally filed in the Superior Court for the County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Removal to this Court is proper under CAFA jurisdiction. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: December 29, 2022

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Barbara J. Miller
Barbara J. Miller
Samuel S. Sadeghi
Attorneys for Defendant
SYNEOS HEALTH US, INC.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653. On December 29, 2022, I served a copy of the within document(s):

**DEFENDANT SYNEOS HEALTH US, INC.'S NOTICE OF REMOVAL**

[X] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on December 29, 2022. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is patricia.martin@morganlewis.com.

| SETAREH LAW GROUP<br>Shaun Setareh, Esq.<br>David Keledjian, Esq.<br>David Arakelyan, Esq.<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>Telephone: 310.888.7771<br>Fax: 310.888.0109 | *Attorneys for Plaintiff REGINALD SCURLOCK*<br><br>*Email:*  shaun@setarehlaw.com<br>david@setarehlaw.com<br>arakelyan@setarehlaw.com |
|---|---|

[ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on December 29, 2022, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Patricia Martin*
Patricia Martin

DB2/ 44488113.1                                             PROOF OF SERVICE