1  Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
      david@setarehlaw.com
3  David Arakelyan (SBN 337076)
      arakelyan@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff  REGINALD SCURLOCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| REGINALD SCURLOCK, on behalf of himself and all others similarly situated, | Case No.: 2:22-cv-09444-FMO-JC |
|---|---|
| *Plaintiff*, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | 1. Failure to Indemnify (Lab. Code § 2802); |
| SYNEOS HEALTH US, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | 2. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); |
| *Defendants*. | **JURY TRIAL DEMANDED** |

Plaintiff REGINALD SCURLOCK ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.   Plaintiff brings this class action against defendants SYNEOS HEALTH US, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that Defendants have

(1)   failed to reimburse them for all necessary business expenses; and

(2)   engaged in unfair competition.

Based on these alleged violations, Plaintiff now brings this class action to recover unpaid wages, statutory penalties and related relief on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

2.   This matter was removed by Defendant to this Court from the Los Angeles County Superior Court. Plaintiff challenges Defendant's removal papers on the basis that they fail to properly meet the requisite standards for establishing subject matter jurisdiction for this Court.

## PARTIES

3.   Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

4.   Plaintiff is informed and believes, and thereupon alleges, that Defendant SYNEOS HEALTH US, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

5.   Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

6.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

7.      This action has been brought and may be maintained as a class action pursuant to FRCP Rule 23, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

8.      **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Expense Reimbursement Class:** All persons employed by Defendants in California who worked from their home during the **Relevant Time Period**.

**UCL Class**: All **Expense Reimbursement Class** members employed by Defendants in California during the **Relevant Time Period**.

9.      **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

10.     **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

11.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

   i.      Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

   ii.     Whether class members are entitled to restitution of money or property that Defendants

may have acquired from them through unfair competition;

12. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

13. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to or otherwise conflict with the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

14. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

15. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16. Plaintiff worked for Defendants as an employee from approximately June 2020 through March 2021.

17. Plaintiff and the putative class members worked remotely in a home office and telecommuted as part of their job for Defendants. In response to the COVID-19 crisis, Defendants required Plaintiff and the putative class members to work from home.

18. Plaintiff and the putative class members were provided with a printer and assorted electronics to allow them to execute their job duties at home during the relevant time period.

19. Plaintiff and the putative class had to set up a desk and office space in their homes at their own expense in order to have a place to execute their job duties with Defendants' equipment.

20. Plaintiff and the putative class members were not reimbursed for business expenses incurred in telecommuting as a part of their job including but not limited to, electricity and utility expenses, wifi expenses, the expenses of required personal cell phone usage, and/or rent expenses for the physical office space they were required to keep in their home.

21. Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

## FIRST CAUSE OF ACTION

## FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

22. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

23. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

24. At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, electricity and utility expenses, wifi expenses, the expenses of required personal cell phone usage, and/or rent expenses for the physical office space they were required to keep in their home.

25. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of their duties.

26. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

1  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all
2  necessary business expenses incurred in the discharge of their duties.

3      27.    At all relevant times during the applicable limitations period, Defendants required
4  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused
5  by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**
6  **Reimbursement Class** members for all such expenditures.

7      28.    Plaintiff is informed and believes that, during the applicable limitations period,
8  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**
9  **Reimbursement Class** members for all necessary business expenses.

10      29.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to
11  restitution for all unpaid amounts due and owing within four years of the date of the filing of the
12  original Complaint and until the date of entry of judgment.

13      30.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seeks
14  interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to
15  Code of Civil Procedure § 1021.5.

**SECOND CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

20      31.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

21      32.    Business and Professions Code § 17200 defines "unfair competition" to include any
22  unlawful business practice.

23      33.    Business and Professions Code §§ 17203–17204 allow a person who has lost money
24  or property as a result of unfair competition to bring a class action in accordance with FRCP Rule
25  23 to recover money or property that may have been acquired from similarly situated persons by
26  means of unfair competition.

27      34.    California law requires employers to reimburse employees for all necessary business
28  expenditures incurred in executing their duties under their employ.

35. Plaintiff, on behalf of himself and the **UCL Class** members, re-alleges and incorporates the FIRST cause of action herein.

36. Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

37. Defendants have or may have acquired money by means of unfair competition.

38. Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 221, 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

39. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to reimburse them for all expenses.

40. At all relevant times, Plaintiff and **UCL Class** members have been employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

41. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of himself and on behalf of similarly situated persons in a class-action proceeding.

42. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff and class members have lost money or property as a result of Defendants' conduct.

43. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

44. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

45. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

46. Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

47. Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

48. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;

(2) An order that Plaintiff be appointed class representative;

(3) An order that counsel for Plaintiff be appointed class counsel;

(4) Actual damages;

(5) Restitution;

(6) Declaratory relief;

(7) Pre-judgment interest;

(8) Statutory penalties;

(9) Costs of suit;

(10) Reasonable attorneys' fees; and

(11) Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all issues so triable.

Dated: February 3, 2023        SETAREH LAW GROUP

　
　
　
SHAUN SETAREH
DAVID KELEDJIAN
DAVID ARAKELYAN
Attorneys for Plaintiff
REGINALD SCURLOCK