Shaun Setareh (SBN 204514)
 shaun@setarehlaw.com
Jose Maria D. Patino, Jr. (SBN 270194)
 jose@setarehlaw.com
Tyson Gibb (SBN 339154)
 tyson@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Drive
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff REGINALD SCURLOCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REGINALD SCURLOCK, on behalf of himself and all others similarly situated,

　　　　　*Plaintiff*,

　　v.

SYNEOS HEALTH US, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

　　　　　*Defendants*.

Case No. 2:22-CV-09444 FMO (JCx)

**DECLARATION OF JOSE MARIA D. PATINO, JR. RE: AMENDED SETTLEMENT AGREEMENT (FULLY EXECUTED)**

DECLARATION OF JOSE MARIA D. PATINO, JR.

## DECLARATION OF JOSE MARIA D. PATINO, JR.

I, Jose Maria D. Patino, Jr., declare as follows:

1.      I am an attorney licensed to practice law in California and a member of the bar of this Court. I am an attorney with Setareh Law Group counsel for Plaintiff REGINALD SCURLOCK. If called as a witness herein, I would testify truthfully to the matters set forth herein. Except as to those matters stated on information and belief, all of the matters set forth herein are within my personal knowledge.

2.      At the hearing on Plaintiff's Motion for Preliminary Approval held on January 16, 2025, the Court requested certain amendments to the Parties' Settlement Agreement.

3.      In line with the Court's requests, the Parties have cooperated diligently and Plaintiff now submits to the Court the fully executed Amended Settlement Agreement.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the Amended Settlement Agreement in clean format executed by both Parties.


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 28, 2025, in Beverly Hills, California.

*/s/Jose Maria D. Patino, Jr.* _____
Jose Maria D. Patino, Jr.

DECLARATION OF JOSE MARIA D. PATINO, JR.

# EXHIBIT  1

# AMENDED CLASS ACTION AND PAGA SETTLEMENT AGREEMENT

This Amended Class Action and PAGA Settlement Agreement ("Agreement") is made by and between Plaintiff Reginald Scurlock ("Plaintiff") and Defendant Syneos Health US, Inc. ("Defendant") (collectively, the "Parties" or individually, "Party").

## 1. **DEFINITIONS.**

1.1. "Action" means the Plaintiff's lawsuit against Defendant captioned *Reginald Scurlock, on behalf of himself and all others similarly situated v. Syneos Health US, Inc., a Delaware corporation; and Does 1 through 50, inclusive*, Case No. 2:22-CV-09444 FMO (JCx), and pending in the U.S. District Court for the Central District of California.

1.2. "Administrator" or "Settlement Administrator" means Phoenix Settlement Administrators, the neutral entity the Parties have agreed to appoint to administer the Settlement.

1.3. "Administration Expenses Payment" means the amount the Administrator will be paid from the Gross Settlement Amount to reimburse its reasonable fees and expenses in accordance with the Administrator's "not to exceed" bid submitted to the Court in connection with Preliminary Approval of the Settlement.

1.4. "Aggrieved Employees" means all employees of Defendant who had a designated Location Description of "USA-California-Home-Based" at any time from November 21, 2021 through the date of preliminary settlement approval.

1.5. "Class" means all employees of Defendant who had a designated Location Description of "USA-California-Home-Based" at any time from November 21, 2018 through the date of preliminary settlement approval, and who do not timely opt out of the Settlement Class.

1.6. "Class Counsel" or "Plaintiff's Counsel" means Shaun Setareh, Jose Maria D. Patino, Jr., and Tyson Gibb of Setareh Law Group.

1.7. "Class Counsel Fees Payment" means the amount allocated to Class Counsel for reimbursement of reasonable attorneys' fees not to exceed 25% of the Gross Settlement Amount.

1.8. "Class Counsel Litigation Expenses Payment" means the amount allocated to Class Counsel for actual out-of-pocket litigation costs and expenses, estimated not to exceed $25,000.

1.9. "Class Data" means Class Member identifying information in Defendant's possession including the Class Members' names, addresses, phone numbers, social security numbers, and dates of employment.

1.10. "Class Member" means a member of the Class, as either a Participating Class Member or Non-Participating Class Member (including a Non-Participating Class Member who qualifies as an Aggrieved Employee).

1

1.11.    "Class Member Address Search" means the Settlement Administrator's investigation and search for current Class Member mailing addresses using all reasonably available sources, methods and means including, but not limited to, the National Change of Address database ("NCOA"), skip traces, and direct contact by the Administrator with Class Members.

1.12.    "Class Notice" means the COURT APPROVED NOTICE OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL, to be mailed to Class Members in English and Spanish.

1.13.    "Class Period" means the period between November 21, 2018 and the date of preliminary settlement approval.

1.14.    "Class Representative" means Reginald Scurlock, who is the named Plaintiff in the operative complaint in the Action seeking Court approval to serve as a Class Representative.

1.15.    "Class Representative Enhancement Payment" means the payment to the Class Representative for initiating the Action and providing services in support of the Action.

1.16.    "Court" means the United States District Court for the Central District of California.

1.17.    "Defendant" means Defendant Syneos Health US, Inc.

1.18.    "Defense Counsel" means Barbara J. Miller, Samuel S. Sadeghi, and Hannah V. Schnell of Morgan, Lewis & Bockius, LLP.

1.19.    "Effective Date" means thirty (30) calendar days after Final Approval. If an appeal or motion to intervene is filed, then the "Effective Date" means the date of final resolution of any appeal from Final Approval where the resolution affirms Final Approval. The Settlement Effective Date cannot occur, and Defendant will not be obligated to fund this Settlement, unless and until there is no possibility of an appeal or further appeal (by anyone who has the right to, or claims to have the ability to, take an appeal) that could potentially prevent this Settlement Agreement from becoming final and binding. The Parties intend that Final Approval will effectuate the releases and extinguish all released claims, including but not limited to PAGA claims, for the periods covered by this Settlement on the Effective Date. The Court will retain jurisdiction to enforce the Settlement after the Effective Date.

1.20.    "Final Approval" means the Court's order granting final approval of the Settlement.

1.21.    "Final Approval Hearing" means the Court's hearing on the Motion for Final Approval of the Settlement.

1.22.    "Gross Settlement Amount" means $687,500.00 which is the total amount Defendant agrees to pay under the Settlement except as provided in Paragraph 8 below (Escalator Clause). The Gross Settlement Amount will be used to pay Individual Class Payments, Individual PAGA Payments, the LWDA PAGA Payment, Class Counsel Fees, Class Counsel Expenses, Class Representative Enhancement Payment, Reserve Fund, and the Administrator's Expenses.

2

1.23.    "Individual Class Payment" means the Participating Class Member's share of the Net Settlement Amount calculated based on the Class Member's proportional number of Pay Periods worked during the Class Period.

1.24.    "Individual PAGA Payment" means the Aggrieved Employee's share of 25% of the PAGA Penalties calculated based on the Aggrieved Employee's proportional number of Pay Periods worked during the PAGA Period.  Each Aggrieved Employee will be issued an Individual PAGA Payment and cannot opt out of this term of the Settlement.

1.25.    "LWDA" means the California Labor and Workforce Development Agency, the agency entitled, under Labor Code § 2699, subd. (i).

1.26.    "LWDA PAGA Payment" means the 75% of the PAGA Penalties paid to the LWDA under Labor Code § 2699, subd. (i).

1.27.    "Net Settlement Amount" means the Gross Settlement Amount, less the following payments in the amounts approved by the Court: Individual PAGA Payments, the LWDA PAGA Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Enhancement Payment, Reserve Fund, and the Administration Expenses Payment. The remainder is to be paid to Participating Class Members as Individual Class Payments.

1.28.    "Non-Participating Class Member" means any Class Member who opts out of the Settlement by sending the Administrator a valid and timely Request for Exclusion.

1.29.    "PAGA Period" means the period between November 21, 2021 and the date of preliminary settlement approval.

1.30.    "PAGA" means the California Private Attorneys General Act of 2004 (Labor Code §§ 2698. *et seq*.).

1.31.    "PAGA Notice" means Plaintiff's letter, dated June 27, 2024, to Defendant and the LWDA providing notice pursuant to Labor Code § 2699.3, subd. (a).

1.32.    "PAGA Penalties" means the total amount of PAGA civil penalties to be paid from the Gross Settlement Amount, allocated 25% to the Aggrieved Employees ($12,500.00) and the 75% to LWDA ($37,500.00) in settlement of PAGA claims.

1.32.1.    "Pay Period" means any biweekly pay period (between November 21, 2018 until June 30, 2024) or any bimonthly pay period (between July 1, 2024 and the date of preliminary settlement approval) in which a Class Member worked at least one day during the Class Period.

1.33.    "Participating Class Member" means a Class Member who does not submit a valid and timely Request for Exclusion from the Settlement.

1.34.    "Plaintiff" means Reginald Scurlock, the named plaintiff in the Action.

1.35.    "Preliminary Approval Order" means the Court's Order Granting Preliminary Approval of the Settlement.

Docusign Envelope ID: 3F442EED-FF92-4DC7-82F9-63E2D330A798

1.36.    "Released Class Claims" means the claims being released as described in Paragraph 5.2 below.

1.37.    "Released PAGA Claims" means the claims being released as described in Paragraph 5.3 below.

1.38.    "Released Parties" means: Defendant, and with respect to Defendant, the following, either collectively or individually: any and all direct and indirect parent companies and subsidiary companies, and companies under common control with any of the foregoing, and its and their respective consultants, fiduciaries, agents, servants, exempt employees, contractors, partners, shareholders, members, owners, predecessors, advisors, managers, trustees, ancillary trustees, beneficiaries, representatives, officers, directors, attorneys, guarantors, insurers, employee benefit programs, successors and assigns, and all persons and entities acting by, through, under or in concert with them, or any of them.

1.39.    "Request for Exclusion" means a Class Member's submission of a timely Request for Exclusion (Opt-Out) Form or written request to be excluded from the Class Settlement signed by the Class Member, as described in Paragraphs 7.5.1, 7.5.1.1, and 7.5.1.2, below.

1.40.    "Reserve Fund" means $5,000.00 to be funded from the Gross Settlement Amount for any disputed claims after the pay-out date of the Individual Class Payment and/or Individual PAGA Payment. The Administrator shall add any unused portion to the Net Settlement Amount.

1.41.    "Response Deadline" means sixty (60) calendar days after the Settlement Administrator mails Notice to Class Members and Aggrieved Employees, which shall be the last date on which Class Members may: (a) fax, email, or mail Requests for Exclusion from the Settlement; or (b) mail his or her Objection to the Settlement. However, Class Members to whom Notice Packets are resent after having been returned undeliverable to the Administrator shall have an additional fourteen (14) calendar days added to their Response Deadline.

1.42.    "Settlement" means the disposition of the Action effected by this Agreement and Final Approval.

## 2.    **RECITALS.**

2.1.    On November 21, 2022, Plaintiff filed the Action in the Superior Court of the State of California, County of Los Angeles (Case No. 22STCV36776. On December 29, 2022, Defendant removed the action to the Central District of California under the Class Action Fairness Act. On February 3, 2023, Plaintiff filed a First Amended Complaint removing all but his causes of action for failure to indemnify (Labor Code § 2802) and Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*).

2.2.    After engaging in extensive discovery and motion practice, participating in a mediation with Brandon McKelvey on August 23, 2023, and months of direct negotiations following the unsuccessful mediation, the Parties reached a global settlement.

2.3.    The Court has not granted class certification.

2.4.    The Parties, Class Counsel and Defense Counsel represent that they are not aware of any

4

other pending matter or action asserting claims that will be extinguished or affected by the Settlement.

3.    **MONETARY TERMS.**

3.1.          Gross Settlement Amount. Except as otherwise provided by Paragraph 8 below (Escalator Clause), Defendant promises to pay a total of $687,500.00 as the Gross Settlement Amount to the Administrator. Defendant has no obligation to pay the Gross Settlement Amount prior to the deadline stated in Paragraph 4.2 of this Agreement. The Administrator will disburse the entire Gross Settlement Amount without asking or requiring Participating Class Members or Aggrieved Employees to submit any claim as a condition of payment. None of the Gross Settlement Amount will revert to Defendant.  Payment to the Administrator fully satisfies Defendant's obligations under this Agreement regardless of whether Administrator satisfies its obligations.

3.2.          Payments from the Gross Settlement Amount. The Administrator will make and deduct the following payments from the Gross Settlement Amount, in the amounts specified by the Court in the Final Approval:

3.2.1.            To Plaintiff: Class Representative Enhancement Payment of not more than $15,000.00 (in addition to any Individual Class Payment the Class Representative is entitled to receive as a Participating Class Member).   Defendant will not oppose Plaintiff's request for a Class Representative Enhancement Payment that does not exceed this amount.  As part of the motion for Class Counsel Fees Payment, Class Litigation Expenses Payment, and Class Representative Enhancement Payment to be filed concurrently with a Motion for Final Approval, Plaintiff will seek Court approval for a Class Representative Enhancement Payment. If the Court approves a Class Representative Enhancement Payment less than the amount requested, the Administrator will retain the remainder in the Net Settlement Amount. The Administrator will pay the Class Representative Service Payment using IRS Form 1099. Plaintiff assumes full responsibility and liability for any employee taxes owed on the Class Representative Enhancement Payment.

3.2.2.            To Class Counsel: A Class Counsel Fees Payment of not more than 25% of the Gross Settlement Amount, which is currently estimated to be $171,875.00 and a Class Counsel Litigation Expenses Payment of no more than the actual out-of-pocket litigation costs incurred by Class Counsel.  Defendant will not oppose requests for these payments provided that they do not exceed these amounts.  Plaintiff and/or Class Counsel will file a motion for Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and Class Representative Enhancement Payment concurrently with the filing of a Motion for Final Approval.  If the Court approves a Class Counsel Fees Payment and/or a Class Counsel Litigation Expenses Payment less than the amounts requested, the Administrator will allocate the remainder to the Net Settlement Amount. Released Parties shall have no liability to Class Counsel or any other Plaintiff's Counsel arising from any claim to any portion any Class Counsel Fee Payment and/or Class Counsel Litigation Expenses Payment. The Administrator will pay the Class Counsel Fees Payment and Class Counsel Expenses Payment using one or more IRS 1099 Forms.  Class Counsel assumes full responsibility and liability for taxes owed on the Class Counsel Fees Payment and the

Class Counsel Litigation Expenses Payment and holds Defendant harmless, and indemnifies Defendant, from any dispute or controversy regarding any division or sharing of any of these Payments.

3.2.3.          <u>To the Administrator</u>: An Administrator Expenses Payment not to exceed $17,500.00, except for a showing of good cause and as approved by the Court. To the extent the Administration Expenses total—or the Court approves a payment—less than the above-stated amount, the Administrator will retain the remainder in the Net Settlement Amount.

3.2.4.          <u>To Each Participating Class Member</u>: An Individual Class Payment calculated by (a) dividing the Net Settlement Amount by the total number of Pay Periods worked by all Participating Class Members during the Class Period and (b) multiplying the result by each Participating Class Member's Pay Periods.

3.2.4.1.          <u>Tax Allocation of Individual Class Payments</u>. 100% of each Participating Class Member's Individual Class Payment will be allocated for settlement of claims for allegedly unreimbursed business expenses and interest. Individual Class Payments will therefore not be subject to wage withholdings and will be reported on IRS Forms 1099. Participating Class Members assume full responsibility and liability for any employee taxes owed on their Individual Class Payment.

3.2.4.2.          <u>Effect of Non-Participating Class Members on Calculation of Individual Class Payments</u>. Non-Participating Class Members will not receive any Individual Class Payments. The Administrator will retain amounts equal to their Individual Class Payments in the Net Settlement Amount for distribution to Participating Class Members pursuant to the formula in Paragraph 3.2.4.

3.2.5.          <u>To the LWDA and Aggrieved Employees</u>: PAGA Penalties in the amount of $50,000.00 to be paid from the Gross Settlement Amount, with 75% ($37,500.00) allocated to the LWDA PAGA Payment and 25% ($12,500.00) allocated to the Individual PAGA Payments.

3.2.5.1.          The Administrator will calculate each Individual PAGA Payment by (a) dividing the amount of the Aggrieved Employees' 25% share of PAGA Penalties ($12,500.00) by the total number of Pay Periods worked by all Aggrieved Employees during the PAGA Period and (b) multiplying the result by each Aggrieved Employee's Pay Periods worked during the PAGA Period. Aggrieved Employees assume full responsibility and liability for any taxes owed on their Individual PAGA Payment. Every Aggrieved Employee will receive an Individual PAGA Payment and cannot opt out of this term of the Settlement.

3.2.5.2.          If the Court approves PAGA Penalties of less than the amount requested, the Administrator will allocate the remainder to the Net Settlement Amount. The Administrator will report the Individual PAGA Payments on IRS 1099 Forms.

4.    **SETTLEMENT FUNDING AND PAYMENTS.**

4.1.    <u>Class Data</u>. Not later than twenty (20) business days after the Court grants Preliminary
Approval of the Settlement and subject to the Administrator signing a confidentiality agreement,
Defendant will deliver the Class Data to the Administrator (to the extent all such information is
available). To protect Class Members' privacy rights, the Administrator must maintain the Class
Data in confidence, use the Class Data only for purposes of this Settlement and for no other
purpose, and restrict access to the Class Data to Administrator employees who need access to the
Class Data to effect and perform under this Agreement. Administrator may share sufficient data
(excluding contact information) with Class Counsel to help resolve issues regarding the
distribution of the Settlement and Class Members' questions, should they arise. Defendant has a
continuing duty to immediately notify Class Counsel if it discovers that the Class Data omitted
class member identifying information and to provide corrected or updated Class Data as soon as
reasonably feasible. Without any extension of the deadline by which Defendant must send the
Class Data to the Administrator, the Parties and their counsel will expeditiously use best efforts,
in good faith, to reconstruct or otherwise resolve any issues related to missing or omitted Class
Data.

4.2.    <u>Funding of Gross Settlement Amount</u>. Defendant shall fully fund the Gross Settlement
Amount by transmitting the funds to the Administrator no later than forty (40) days after the
Effective Date.    Defendant's payment to the Administrator fully and completely satisfies
Defendant's obligations under this Agreement.    Should the Administrator fail to perform its
obligations or fund the amounts provided in this Agreement after receipt of the Gross Settlement
Amount from Defendant, this Agreement shall nevertheless be enforced and judgment entered
in accordance with this Agreement.

4.3.    <u>Payments from the Gross Settlement Amount</u>. Within ten (10) business days after
Defendant funds the Gross Settlement Amount, the Administrator will mail checks for all
Individual Class Payments, all Individual PAGA Payments, the LWDA PAGA Payment, the
Administration Expenses Payment, the Class Counsel Fees Payment, the Class Counsel
Litigation Expenses Payment, and the Class Representative Enhancement Payment.
Disbursement of the Class Counsel Fees Payment, the Class Counsel Litigation Expenses
Payment, and the Class Representative Enhancement Payment shall not precede disbursement
of Individual Class Payments and Individual PAGA Payments.

4.3.1.    The Administrator will issue checks for the Individual Class Payments and/or
Individual PAGA Payments and send them to the Class Members via First Class U.S.
Mail, postage prepaid. The face of each check shall prominently state the date (180 days
after the date of mailing) when the check will be voided. The Administrator will cancel
all checks not cashed by the void date. The Administrator will send checks for Individual
Settlement Payments to all Participating Class Members (including those for whom Class
Notice was returned undelivered). The Administrator will send checks for Individual
PAGA Payments to all Aggrieved Employees including Non-Participating Class
Members who qualify as Aggrieved Employees (including those for whom Class Notice
was returned undelivered). The Administrator may send Participating Class Members a
single check combining the Individual Class Payment and the Individual PAGA
Payment. Before mailing any checks, the Settlement Administrator must update the
recipients' mailing addresses using the National Change of Address Database.

4.3.2.       The Administrator must conduct a Class Member Address Search for all other Class Members whose checks are retuned undelivered without USPS forwarding address. Within seven (7) days of receiving a returned check the Administrator must re-mail checks to the USPS forwarding address provided or to an address ascertained through the Class Member Address Search. The Administrator need not take further steps to deliver checks to Class Members whose re-mailed checks are returned as undelivered. The Administrator shall promptly send a replacement check to any Class Member whose original check was lost or misplaced, requested by the Class Member prior to the void date.

4.3.3.       For any Class Member whose Individual Class Payment check or Individual PAGA Payment check is uncashed and cancelled after the void date, the Administrator shall transmit the funds represented by such checks to the State Controller Unclaimed Property Fund. After the void date, Plaintiff and/or Class Counsel shall submit a declaration from the Settlement Administrator attesting to the total amount that was actually paid to the class members along with any interest that has accrued thereon. Plaintiff and/or Class Counsel shall concurrently submit an amended Final Approval to direct the Settlement Administrator to disburse these amounts to the State Controller Unclaimed Property Fund per California Code of Civil Procedure § 384(b).

4.3.4.       The payment of Individual Class Payments and Individual PAGA Payments shall not obligate Defendant to confer any additional benefits or make any additional payments to Class Members (such as 401(k) contributions or bonuses).

4.4.       Reserve Fund.  The Administrator shall establish the Reserve Fund in the amount of $5,000.00 from the Gross Settlement Amount for the purpose of paying any disputed claim by any Class Member after the payout date of the Individual Class Payment and/or Individual PAGA Payment.  The Administrator shall add any unused portion to the Net Settlement Amount.

**5.       RELEASES OF CLAIMS.** As of the Effective Date, Participating Class Members and Aggrieved Employees will release claims against all Released Parties as follows:

5.1.       Plaintiff's Release. Plaintiff, on behalf of himself and his respective former and present spouses, representatives, agents, attorneys, heirs, administrators, successors, and assigns generally, release and discharge Released Parties from all of Plaintiff's known and unknown claims that occurred during the Class Period, including, but not limited to: (a) all claims that were, or reasonably could have been, alleged, based on the facts contained, in Plaintiff's complaints and PAGA Notice in connection with this Action ("Plaintiff's Release").  Plaintiff's Release does not extend to any claims or actions to enforce this Agreement, or to any claims for vested benefits, unemployment benefits, disability benefits, social security benefits, workers' compensation benefits that arose at any time, or based on occurrences outside the Class Period.

5.1.1.       Plaintiff's Waiver of Rights Under California Civil Code Section 1542.  For purposes of Plaintiff's Release, Plaintiff expressly waives and relinquishes the provisions, rights, and benefits, if any, of Section 1542 of the California Civil Code, which reads:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at

8

the time of executing the release, and that if known by him or her
would have materially affected his or her settlement with the debtor
or Released Party.

5.2.     <u>Release by Participating Class Members</u>: All Participating Class Members, including
Plaintiff, on behalf of themselves and their respective former and present representatives, agents,
attorneys, heirs, administrators, successors, and assigns, release Released Parties from all claims
under any legal theory that were pleaded or that reasonably could have been pleaded in any
complaint filed by Plaintiff in this Action based on the facts and matters pleaded or asserted
therein or which reasonably could have been raised as part of Plaintiff's claims, including but
not limited to claims for unfair business practices based on the pleaded facts or matters and failure
to reimburse business expenses.

5.3.     <u>Release by Aggrieved Employees</u>: All Participating and Non-Participating Class
Members who are Aggrieved Employees, including Plaintiff, are deemed to release, on behalf of
themselves, the State of California, and their respective former and present representatives,
agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all
claims for civil penalties under any legal theory that were or reasonably could have been raised
in any complaint filed by Plaintiff or as part of Plaintiff's allegations in the PAGA Notice
provided to the LWDA, including any claim for attorneys' fees and costs permissible under
PAGA, that could reasonably have been raised by the facts alleged therein,  including all claims
for unreimbursed business expenses. This release shall apply to claims arising under PAGA
during the PAGA Period.

   5.3.1.     The Aggrieved Employees further agree that they will not participate or receive recovery
   or monies in connection with any other proceeding seeking penalties under Section 2699,
   which arises during the PAGA Period for claims based on the facts alleged in any of
   Plaintiff's complaints or PAGA Notice filed in connection with this this Action.

   5.3.2.     All Aggrieved Employees will be bound by the release in Paragraph 5.3 and may not opt
   out of that term of the Settlement.

**6.     <u>MOTION FOR PRELIMINARY APPROVAL</u>.** Plaintiff will prepare and file a motion for
preliminary approval ("Motion for Preliminary Approval") after providing Defense Counsel a
reasonable opportunity (*i.e.*, at least three (3) business days) to review and comment on the draft
motion. Plaintiff will send notice of the settlement to the LWDA as required under PAGA.

6.1.     <u>Plaintiff's Responsibilities</u>. Plaintiff will prepare all documents necessary for obtaining
Preliminary Approval, including: (i) a draft of the notice, and memorandum in support, of the
Motion for Preliminary Approval and a request for approval of the PAGA Settlement under
Labor Code § 2699, subd. (f)(2)); (ii) a draft proposed Order Granting Preliminary Approval and
Approval of PAGA Settlement; (iii) a draft proposed Class Notice; (iv) a signed declaration from
the Administrator attaching its "not to exceed" bid for administering the Settlement and attesting
to its willingness to serve; competency; operative procedures for protecting the security of Class
Data; amounts of insurance coverage for any data breach, defalcation of funds or other
misfeasance; all facts relevant to any actual or potential conflicts of interest with Class Members;
and the nature and extent of any financial relationship with Plaintiff, Class Counsel or Defense

Counsel; (v) a signed declaration from Plaintiff confirming willingness and competency to serve and disclosing all facts relevant to any actual or potential conflicts of interest with Class Members, and the Administrator; (vi) a signed declaration from each Class Counsel firm attesting to its competency to represent the Class Members; its timely transmission to the LWDA of all necessary PAGA documents (initial notice of violations (Labor Code § 2699.3, subd. (a)), Operative Complaint (Labor Code § 2699, subd. (l)(1)), this Agreement (Labor Code § 2699, subd. (l)(2)); and (vii) all facts relevant to any actual or potential conflict of interest with Class Members, and the Administrator. In their Declarations, Plaintiff and Class Counsel shall aver that they are not aware of any other pending matter or action asserting claims that will be extinguished or adversely affected by the Settlement.

6.2.    <u>Responsibilities of Counsel</u>. Class Counsel is responsible for expeditiously finalizing and filing the Motion for Preliminary Approval as soon as practicable after the full execution of this Agreement and obtaining a prompt hearing date for the Motion for Preliminary Approval. Class Counsel is responsible for delivering the Court's Preliminary Approval to the Administrator.

6.3.    <u>CAFA Notice</u>. Within ten (10) days of the date the Court grants Plaintiff's Motion for Preliminary Approval of this Settlement, Defendant shall comply with the reporting requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b).

## 7.    <u>SETTLEMENT ADMINISTRATION.</u>

7.1.    <u>Selection of Administrator</u>. The Parties have jointly selected Phoenix Settlement Administrators to serve as the Administrator and verified that, as a condition of appointment, Phoenix Settlement Administrators agrees to be bound by this Agreement and to perform, as a fiduciary, all duties specified in this Agreement in exchange for payment of Administration Expenses. The Parties and their Counsel represent that they have no interest or relationship, financial or otherwise, with the Administrator other than a professional relationship arising out of prior experiences administering settlements.

7.2.    <u>Employer Identification Number</u>. The Administrator shall have and use its own Employer Identification Number for purposes of providing any necessary reports to state and federal tax authorities.

7.3.    <u>Qualified Settlement Fund</u>. The Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation § 468B-1.

7.4.    <u>Notice to Class Members</u>.

7.4.1.    As expeditiously as possible after receipt of the Class Data, the Administrator shall notify Class Counsel that the list has been received and state the number of Class Members, Aggrieved Employees, and Pay Periods in the Class Data.

7.4.2.    Using best efforts to perform as soon as possible, and in no event later than ten (10) business days after receiving approval from the Parties, the Administrator will send to all Class Members identified in the Class Data, via first-class United States Postal Service ("USPS") mail, the Class Notice substantially in the form attached to this Agreement as **Exhibit A**. The first page of the Class Notice shall prominently estimate

the dollar amounts of any Individual Class Payment and/or Individual PAGA Payment payable to the Class Member, and the number of Pay Periods used to calculate these amounts. Before mailing Class Notices, the Administrator shall update Class Member addresses using the National Change of Address database.

7.4.3.         Not later than seven (7) days after the Administrator's receipt of any Class Notice returned by the USPS as undelivered, the Administrator shall re-mail the Class Notice using any forwarding address provided by the USPS. If the USPS does not provide a forwarding address, the Administrator shall conduct a Class Member Address Search, and re-mail the Class Notice to the most current address obtained. The Administrator has no obligation to make further attempts to locate or send Class Notice to Class Members whose Class Notice is returned by the USPS a second time.

7.4.4.         The deadlines for Class Members' written objections, Challenges to Pay Periods, and Requests for Exclusion will be extended an additional fourteen (14) days beyond the sixty (60) days otherwise provided in the Class Notice for all Class Members whose notice is re-mailed. The Administrator will inform the Class Member of the extended deadline with the re-mailed Class Notice.

7.4.5.         If the Administrator, Defendant, or Class Counsel is contacted by or otherwise discovers any persons who believe they should have been included in the Class Data and should have received Class Notice, the Parties will expeditiously meet and confer in person or by telephone, and in good faith. in an effort to agree on whether to include them as Class Members. If the Parties agree, such persons will be Class Members entitled to the same rights as other Class Members, and the Administrator will send, via email or overnight delivery, a Class Notice requiring them to exercise options under this Agreement not later than fourteen (14) days after receipt of Class Notice, or the deadline dates in the Class Notice, which ever are later.

7.5.  Requests for Exclusion (Opt-Outs).

7.5.1.         Class Members who wish to exclude themselves (opt out of) the Class Settlement must send the Administrator, by fax, email, or mail, a signed written Request for Exclusion (Opt-Out) Form not later than sixty (60) days after the Administrator mails the Class Notice (plus an additional fourteen (14) days for Class Members whose Class Notice is re-mailed).  To be valid, a Request for Exclusion must be timely faxed, emailed, or postmarked by the Response Deadline. Plaintiff agrees to not request exclusion from the Class Settlement. The Class Notice shall have enclosed with it a Request for Exclusion (Opt-Out) Form, in the format of the template attached hereto as **Exhibit B**. A copy of this form will also be available for free download from the Settlement website maintained by the Settlement Administrator pursuant to Paragraph 7.8.1, below.

7.5.2.         Option 2: Personally Written Request. This is a letter from a Class Member or his/her representative that reasonably communicates the Class Member's election to be excluded from the Settlement and includes the Class Member's: (1) name, (2) address, (3) email address OR telephone number, (4) statement that reasonably communicates that the Class Member wishes to be excluded from the Settlement, and (5) signature name, address and email address or telephone number.

11

7.5.3.      The Administrator may not reject a Request for Exclusion as invalid because it fails to contain all the information on the Request for Exclusion (Opt-Out) Form. The Administrator shall accept any Request for Exclusion as valid if the Administrator can reasonably ascertain the identity of the person as a Class Member and the Class Member's desire to be excluded. If the Administrator has reason to question the authenticity of a Request for Exclusion, the Administrator may demand additional proof of the Class Member's identity. The Administrator's determination of the validity and authenticity of Requests for Exclusion shall be final and not appealable or otherwise susceptible to challenge.

7.5.4.      Every Class Member who does not submit a timely and valid Request for Exclusion is deemed to be a Participating Class Member under this Agreement, is entitled to all benefits and bound by all terms and conditions of the Settlement, including the Participating Class Members' Releases under Paragraphs 5.2 and 5.3 of this Agreement, regardless of whether the Participating Class Member actually receives the Class Notice or objects to the Settlement.

7.5.5.      Every Class Member who submits a valid and timely Request for Exclusion is a Non-Participating Class Member and shall not receive an Individual Class Payment or have the right to object to the class action components of the Settlement. Because future PAGA claims are subject to claim preclusion upon entry of the Judgment, Non-Participating Class Members who are Aggrieved Employees are deemed to release the claims identified in Paragraph 5.3 of this Agreement and are eligible for an Individual PAGA Payment.

7.6.      <u>Challenges to Calculation of Pay Periods</u>. Each Class Member shall have sixty (60) days after the Administrator mails the Class Notice (plus an additional fourteen (14) days for Class Members whose Class Notice is re-mailed) to challenge the number of Pay Periods allocated to the Class Member in the Class Notice. The Class Member may challenge the allocation by communicating with the Administrator via fax, email or mail. The Administrator must encourage the challenging Class Member to submit supporting documentation. In the absence of any contrary documentation, the Administrator is entitled to presume that the Pay Periods contained in the Class Notice are correct so long as they are consistent with the Class Data. The Administrator shall promptly provide copies of all challenges to calculation of Pay Periods to Defense Counsel.  Final determination of any such challenge shall be made by Defendant following a conference with Class Counsel and, to the extent possible, resolved prior to finalizing the amounts distributable to Participating Class Members and Aggrieved Employees.

7.7.      <u>Objections to Settlement</u>.

7.7.1.      Only Participating Class Members may object to the class action components of the Settlement and/or this Agreement, including contesting the fairness of the Settlement, and/or amounts requested for the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and/or Class Representative Enhancement Payment.

7.7.2.      Participating Class Members must send written objections to the Court by mail only, addressed to: Clerk of Court, Courtroom 6D, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012.  A written objection must be postmarked on or before sixty (60)

12

Docusign Envelope ID: 3F142EED-F582-4DC7-82F9-6352D330A798

days after the Administrator's mailing of the Class Notice (plus an additional fourteen (14) days for Class Members whose Class Notice was re-mailed). If they timely submit an objection, Participating Class Members may appear in Court (or hire an attorney to appear in Court) at the Final Approval Hearing to discuss the objection. The objection must identify this case as *Scurlock v. Syneos Health US, Inc.*, Case No. 2:22-CV-09444 FMO (JCx) and state the first and last name of the objector (and their attorney, if applicable).

7.7.3.　　　　　Non-Participating Class Members have no right to object to any of the class action components of the Settlement.

7.8.　<u>Administrator Duties</u>. The Administrator has a duty to perform or observe all tasks to be performed or observed by the Administrator contained in this Agreement or otherwise.

7.8.1.　　　　　<u>Website, Email Address and Toll-Free Number</u>. The Administrator will establish and maintain and use an internet website to post information of interest to Class Members including the date, time and location for the Final Approval Hearing and copies of the Settlement Agreement, Motion for Preliminary Approval, the Preliminary Approval Order, the Class Notice, the Request for Exclusion (Opt-Out) Form, the Motion for Final Approval, and the motion for Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and Class Representative Enhancement Payment. The Administrator will also maintain and monitor an email address and a toll-free telephone number to receive Class Member calls, faxes, and emails.

7.8.2.　　　　　<u>Requests for Exclusion (Opt-outs) and Exclusion List</u>. The Administrator will promptly review on a rolling basis Requests for Exclusion to ascertain their validity. Not later than seven (7) days after the expiration of the deadline for submitting Requests for Exclusion, the Administrator shall email a list to Class Counsel and Defense Counsel containing (a) the names and other identifying information of Class Members who have timely submitted valid Requests for Exclusion ("Exclusion List"); (b) the names and other identifying information of Class Members who have submitted invalid Requests for Exclusion; (c) copies of all Requests for Exclusion from Settlement submitted (whether valid or invalid).

7.8.3.　　　　　<u>Weekly Reports</u>. The Administrator must, on a weekly basis, provide written reports to Class Counsel and Defense Counsel that, among other things, tally the number of: Class Notices mailed or re-mailed, Class Notices returned undelivered, Requests for Exclusion (whether valid or invalid) received, challenges to Pay Periods received and/or resolved, and checks mailed for Individual Class Payments and Individual PAGA Payments ("Weekly Report"). The Weekly Reports must include provide the Administrator's assessment of the validity of Requests for Exclusion and attach copies of all Requests for Exclusion and objections received.

7.8.4.　　　　　<u>Administrator's Declaration</u>. Not later than fourteen (14) days before the date by which Plaintiff is required to file the Motion for Final Approval of the Settlement, the Administrator will provide to Class Counsel and Defense Counsel, a signed declaration suitable for filing in Court attesting to its due diligence and compliance with all of its obligations under this Agreement, including, but not limited to, its mailing of Class

Notice, the Class Notices returned as undelivered, the re-mailing of Class Notices, attempts to locate Class Members, the total number of Requests for Exclusion from Settlement it received (both valid or invalid), and attach the Exclusion List. The Administrator will supplement its declaration as needed or requested by the Parties and/or the Court. Class Counsel is responsible for filing the Administrator's declaration(s) in Court.

7.8.5.　　Final Report by Settlement Administrator. Within ten (10) days after the Administrator disburses all funds in the Gross Settlement Amount, the Administrator will provide Class Counsel and Defense Counsel with a final report detailing its disbursements by employee identification number only of all payments made under this Agreement. At least seven (7) days before any deadline set by the Court, the Administrator will prepare, and submit to Class Counsel and Defense Counsel, a signed declaration suitable for filing in Court attesting to its disbursement of all payments required under this Agreement. Class Counsel is responsible for filing the Administrator's declaration in Court.

**8.　ESCALATOR CLAUSE**. At all relevant times, Syneos paid its employees in California using Pay Periods. Syneos estimates that there were no more than approximately 102,168 Pay Periods worked by Class Members during the period from November 21, 2018 through June 28, 2024. In the event the number of Pay Periods during the Class Period increases from 102,168 Pay Periods by more than 15% (*i.e.*, there are more than an additional 15,325 Pay Periods), then Syneos shall have the choice of either: (1) increasing the Gross Settlement Amount on a proportional basis above 15% (*e.g.*, if there is a 16% increase in the number of Pay Periods during the Class Period, Syneos agrees to increase the Gross Settlement Amount by 1%); or (2) selecting an earlier cut-off date for the Class/PAGA Period (*i.e.*, an ending date for the Class/PAGA Period that precedes the date of preliminary court approval and results in the total number of Pay Periods to be less than 117,493).

**9.　MOTION FOR FINAL APPROVAL**. Plaintiff will file in Court a timely motion for final approval of the Settlement that includes a request for approval of the PAGA settlement under Labor Code § 2699, subd. (l) and a proposed Final Approval order (collectively "Motion for Final Approval").

9.1.　　Response to Objections. Each Party retains the right to respond to any objection raised by a Participating Class Member, including the right to file responsive documents in Court no later than five (5) court days prior to the Final Approval Hearing, or as otherwise ordered or accepted by the Court.

9.2.　　Duty to Cooperate. If the Court does not grant Final Approval or conditions Final Approval on any material change to the Settlement (including, but not limited to, the scope of release to be granted by Class Members), the Parties will expeditiously work together in good faith to address the Court's concerns by revising the Agreement as necessary to obtain Final Approval. The Court's decision to award less than the amounts requested for Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Enhancement Payment, and/or Administrator Expenses Payment shall not constitute a material modification to the Agreement within the meaning of this paragraph.

9.3.    <u>Defendant's Right to Withdraw</u>. Defendant may withdraw from the Settlement before Final Approval if: (A) more than 5% of the Class Members opt-out of the Settlement, (B) if Settlement construed by court is materially different from agreement, or (C) if Plaintiff or Class Counsel breach the agreement.  If Defendant withdraws, it will pay any administration costs incurred to date.  If this Settlement is not approved with prejudice by the Court or Defendant withdraws from the Settlement per this Paragraph, the term sheet (MOU) and other settlement stipulation or papers are null and void except certain provisions such as No Admission of Liability (Paragraph 11.1) and Confidentiality (Paragraph 11.2).

9.4.    <u>Continuing Jurisdiction of the Court</u>. The Parties agree that, after Final Approval, the Court will retain jurisdiction over the Parties, Action, and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Final Approval matters as are permitted by law.

9.5.    <u>Waiver of Right to Appeal</u>. Provided the Judgment is consistent with the terms and conditions of this Agreement, specifically including the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment reflected set forth in this Settlement, the Parties, their respective counsel, and all Participating Class Members who did not object to the Settlement as provided in this Agreement, waive all rights to appeal from the Judgment, including all rights to post-judgment and appellate proceedings, the right to file motions to vacate judgment, motions for new trial, extraordinary writs, and appeals. The waiver of appeal does not include any waiver of the right to oppose such motions, writs or appeals. If an objector appeals the Judgment, the Parties' obligations to perform under this Agreement will be suspended until such time as the appeal is finally resolved and the Judgment becomes final, except as to matters that do not affect the amount of the Net Settlement Amount.

9.6.    <u>Appellate Court Orders to Vacate, Reverse, or Materially Modify Final Approval</u>. If the reviewing Court vacates, reverses, or modifies the Final Approval in a manner that requires a material modification of this Agreement (including, but not limited to, the scope of release to be granted by Class Members), this Agreement shall be null and void. The Parties shall nevertheless expeditiously work together in good faith to address the appellate court's concerns and to obtain Final Approval, sharing, on a 50-50 basis, any additional Administration Expenses reasonably incurred after remittitur. An appellate decision to vacate, reverse, or modify the Court's award of the Class Representative Enhancement Payment or any payments to Class Counsel shall not constitute a material modification of the Judgment within the meaning of this paragraph, as long as the Gross Settlement Amount remains unchanged.

## 10.    <u>STIPULATIONS.</u>

10.1.    Plaintiff will file a letter with the LWDA and Plaintiff will prepare a Second Amended Complaint to add a claim under PAGA.  The Parties stipulate to permit Plaintiff leave to file a Second Amended Complaint to add a claim under PAGA, after Plaintiff submits a required letter to the LWDA, based on the same underlying theory of liability for the alleged violation of Labor Code Section 2802 as asserted in the First Amended Complaint. This Settlement is expressly conditioned upon the Court granting the Parties' stipulation to permit Plaintiff leave to file the Second Amended Complaint.

## 11.    <u>ADDITIONAL PROVISIONS.</u>

11.1.    No Admission of Liability, Class Certification, or Representative Manageability for Other Purposes. This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or should be construed as an admission by Defendant that any of the allegations in the Action have merit or that Defendant has any liability for any claims asserted; nor should it be intended or construed as an admission by Plaintiff that Defendant's defenses in the Action have merit. The Parties agree that class certification and representative treatment is for purposes of this Settlement only. If, for any reason the Court does not grant Preliminary Approval or Final Approval, Defendant reserves the right to contest certification of any class for any reasons, and Defendant reserves all available defenses to the claims in the Action, and Plaintiff reserves the right to move for class certification on any grounds available and to contest Defendant's defenses. The Settlement, this Agreement and Parties' willingness to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (except for proceedings to enforce or effectuate the Settlement and this Agreement).

11.2.    Confidentiality Prior to Preliminary Approval. The Parties agree to maintain the confidentiality of the Settlement before the preliminary approval motion is filed. Thereafter, Thereafter, the Parties agree that no press release or other publicity regarding this matter will be issued by either Party, except that this provision will not apply to any reporting requirements by Defendant, including to its outside auditors or Board of Directors. In addition, Class counsel will be permitted, prior to preliminary approval, to post the Notice that will be sent to Class Members. Following preliminary approval, class counsel may also post the preliminary approval order in addition to the notice.

11.3.    No Solicitation. The Parties separately agree that they and their respective counsel and employees will not solicit any Class Member to opt out of or object to the Settlement, or appeal from the Final Approval. Nothing in this paragraph shall be construed to restrict Class Counsel's ability to communicate with Class Members in accordance with Class Counsel's ethical obligations owed to Class Members.

11.4.    Integrated Agreement. Upon execution by all Parties and their counsel, this Agreement together with its attached exhibits shall constitute the entire agreement between the Parties relating to the Settlement, superseding any and all oral representations, warranties, covenants, or inducements made to or by any Party.

11.5.    Attorney Authorization. Class Counsel and Defense Counsel separately warrant and represent that they are authorized by Plaintiff and Defendant, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents reasonably required to effectuate the terms of this Agreement including any amendments to this Agreement.

11.6.    No Prior Assignments. The Parties separately represent and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged by the Party in this Settlement.

11.7.    No Tax Advice. Neither Plaintiff, Class Counsel, Defendant nor Defense Counsel are providing any advice regarding taxes or taxability, nor shall anything in this Settlement be relied

upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

11.8.    <u>Modification of Agreement</u>. This Agreement, and all parts of it, may be amended, modified, changed, or waived by an express written instrument signed by all Parties or their representatives, and approved by the Court.

11.9.    <u>Agreement Binding on Successors</u>. This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

11.10.    <u>Applicable Law</u>. All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the internal laws of the state of California, without regard to conflict of law principles.

11.11.    <u>Cooperation in Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

11.12.    <u>Continuing Confidentiality</u>. To the extent permitted by law, all agreements made, and orders entered during Action and in this Agreement relating to the confidentiality of information shall survive the execution of this Agreement.

11.13.    <u>Use and Return of Class Data</u>. Information and/or copies and summaries of Class Data provided to Class Counsel in connection with mediation, settlement discussions, and/or the Settlement, may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule of court. Not later than ninety (90) days after the date when the Court discharges the Administrator's obligation to provide a Declaration confirming the final pay out of all Settlement funds, Plaintiff shall destroy, all paper and electronic versions of Class Data received from Defendant unless, prior to the Court's discharge of the Administrator's obligation, Defendant makes a written request to Class Counsel for the return, rather than the destructions, of Class Data.

11.14.    <u>Headings</u>. The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

11.15.    <u>Calendar Days</u>. Unless otherwise noted, all reference to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

11.16.    <u>Notice</u>. All notices, demands or other communications between the Parties in connection with this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, or the day sent by email or messenger, addressed as follows:

To Plaintiff:    Shaun Setareh, Jose Maria D. Patino Jr., and Tyson Gibb
                 SETAREH LAW GROUP

17

420 North Camden Drive
Beverly Hills, CA 90210
shaun@setarehlaw.com
jose@setarehlaw.com
tyson@setarehlaw.com

To Defendant:   Barbara J. Miller and Samuel S. Sadeghi
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626
barbara.miller@morganlewis.com
sam.sadeghi@morganlewis.com

11.17.    <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts by facsimile, electronically *(e.g.*, DocuSign), or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument if counsel for the Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

11.18.    <u>Stay of Litigation</u>. The Parties agree that upon the execution of this Agreement the litigation shall be stayed, except to effectuate the terms of this Agreement.

11.19.    <u>Enforcement Action</u>. In the event that one more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**[*Signatures on Next Page*]**

DATED:  January 28, 2025                    SYNEOS HEALTH US, INC.

                                            By: *Doug Britt*
                                                 18F34AE4F1B34F0...
                                            Name:   Doug Britt

                                            Title:  SVP, Associate General Counsel


DATED:                                      PLAINTIFF REGINALD SCURLOCK



                                            By:_____
                                                 Plaintiff and Settlement Class Representative


DATED:  January 28, 2025                    MORGAN, LEWIS & BOCKIUS LLP



                                            By:_____
                                                 Barbara J. Miller
                                                 Samuel S. Sadeghi
                                                 Hannah V. Schnell
                                                 Attorneys for Defendant Syneos Health US, Inc.


DATED:                                      SETAREH LAW GROUP



                                            By:_____
                                                 Shaun Setareh
                                                 Jose Maria D. Patino, Jr.
                                                 Tyson Gibb
                                                 Attorneys for Plaintiff Reginald Scurlock


19

DATED:                              SYNEOS HEALTH US, INC.


                                    By:_____
                                       Name:     _____
                                       Title:     _____


DATED:   1/27/2025                  PLAINTIFF REGINALD SCURLOCK


                                    By:_____
                                       ID zUDib4oEGcjBwuCF4xm7g41F
                                       Plaintiff and Settlement Class Representative


DATED:                              MORGAN, LEWIS & BOCKIUS LLP


                                    By:_____
                                       Barbara J. Miller
                                       Samuel S. Sadeghi
                                       Hannah V. Schnell
                                       Attorneys for Defendant Syneos Health US, Inc.


DATED:   1/27/2025                  SETAREH LAW GROUP


                                    By:_____
                                       ID meFeic1f7K9ucCKP6Hv7sD6c
                                       Shaun Setareh
                                       Jose Maria D. Patino, Jr.
                                       Tyson Gibb
                                       Attorneys for Plaintiff Reginald Scurlock


                                    19

Docusign Envelope ID: 3F142EFD-F582-4DC7-82F0-63E2D330A798

# EXHIBIT A

# NOTICE OF CLASS AND PAGA SETTLEMENT

### *Reginald Scurlock v. Syneos Health US, Inc.*
**U.S. District Court for the Central District of California Case No. 2:22-CV-09444 FMO (JCx)**

**IF YOU ARE OR WERE A CALIFORNIA AN EMPLOYEE OF SYNEOS HEALTH US, INC. ("SYNEOS") WHO HAD A DESIGNATED LOCATION DESCRIPTION OF "USA-CALIFORNIA-HOME-BASED" AT ANY TIME FROM NOVEMBER 21, 2018 THROUGH [THE DATE OF PRELIMINARY SETTLEMENT APPROVAL],**
**THIS CLASS ACTION AND PAGA SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A court authorized this Notice. This is not a solicitation by a lawyer. You are not being sued.*

### *Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached in a consolidated class and representative action lawsuit entitled ***Reginald Scurlock v. Syneos Health US, Inc..***, U.S. District Court for the Central District of California Case Nos. 2:22-CV-09444 FMO (JCx) (the "Civil Action"). The purpose of this Notice of Class and PAGA Settlement ("Notice") is to briefly describe the Civil Action, and to inform you of your rights and options in connection with it and the proposed Settlement. The proposed Settlement will resolve all claims in the Civil Action.

This Notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available online at [settlement website URL], by contacting class counsel at the phone numbers and email addresses listed below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. The website listed above lists key deadlines and has links to the notice, preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case.

A hearing concerning the Settlement will be held before the Honorable Fernando M. Olguin on _____, at _____, in Courtroom 6D, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, to determine whether the Settlement is fair, adequate, and reasonable. The proposed Settlement will resolve all claims that were alleged or could have been alleged in the Civil Action. It is important that you read this Notice carefully as your rights may be affected by the Settlement.

**AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF RELEASED CLASS CLAIMS DESCRIBED IN THIS NOTICE AND THE SETTLEMENT AGREEMENT FILED WITH THE COURT, UNLESS YOU TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT. IN ADDITION, THIS PROPOSED SETTLEMENT RELEASES CLAIMS UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA"). IF YOU WERE AN HOURLY OR NON-EXEMPT EMPLOYEE OF DEFENDANTS IN CALIFORNIA WITHIN THE LIMITATIONS PERIOD FOR THE PAGA CLAIMS, YOU WILL RECEIVE AN INDIVIDUAL PAGA PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF RELEASED PAGA CLAIMS DESCRIBED IN THIS NOTICE AND THE SETTLEMENT AGREEMENT FILED WITH THE COURT. YOU CANNOT REQUEST TO BE EXCLUDED FROM THE RELEASE OF RELEASED PAGA CLAIMS, REGARDLESS OF WHETHER YOU TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, as explained more fully below, you will be considered a Participating Class Member and will receive settlement benefits.  You will also give up the right to pursue a separate legal action against Syneos for the same or similar claims in this lawsuit as detailed further below in the section describing the released claims. |
| **EXCLUDE YOURSELF FROM THE CLASS SETTLEMENT** | You have the option to pursue separate legal action against Syneos with respect to the claims in this lawsuit, except for the Released PAGA Claims (defined below).  If you would like to retain the option to do so, you must submit a written request to be excluded from the Class and the Settlement ("Opt Out").  If you elect to be excluded as such, you will not receive any benefits under the Settlement apart from the benefits that are allotted to you as an Aggrieved Employee, if any. |
| | As discussed below, please also be aware that the Released PAGA Claims are binding on the Aggrieved Employees regardless of whether an individual has submitted a valid request to be excluded from the Settlement and the release of the Released Class Claims.  If you are an Aggrieved Employee who has requested to be excluded from the Settlement and the release of the Released Class Claims, you will still receive your Individual PAGA Payment and will still release the Released PAGA Claims. |
| **OBJECT** | To object to the Settlement, you must set forth why you oppose the Settlement by submitting a written Objection to the Court.  This option is available only if you do not exclude yourself from the Settlement.  You must remain a Class Member of the lawsuit to object to the Settlement. |

### Who is affected by this proposed Settlement?

The Court has certified the following Class for settlement purposes:

All employees of Syneos who had a designated Location Description of "USA-California-Home-Based" at any time from November 21, 2018 through the date of preliminary settlement approval, and who do not timely opt-out of the Settlement Class ("Class," "Class Member," or "Class Members").

The Court has also approved the following "Aggrieved Employees" definition for settlement purposes: All employees of Defendant who had a designated Location Description of "USA-California-Home-Based" at any time from November 21, 2021 through the date of preliminary settlement approval, and who do not timely opt-out of the Settlement Class.

According to Syneos's records, you are a member of the Class [and an Aggrieved Employee].

### What is this case about?

Plaintiff Reginald Scurlock ("Plaintiff" or "Class Representative") alleged claims against Defendant Syneos for: (1) failure to reimburse for necessary business expenses as required by California law; (2) engaging in unfair competition under California law; and (3) a representative claim for penalties pursuant to the California Labor Code Private Attorney General Act of 2004, Labor Code Sections 2698, *et seq.* ("PAGA") based on the violations alleged above.  Plaintiff asserted these claims on behalf of the Class Members and Aggrieved Employees.  Plaintiff sought damages, restitution, civil penalties, statutory penalties, pre-and post-judgment interest, costs, and attorneys' fees.

Syneos denies all liability in the Civil Action and is confident that it has strong legal and factual defenses to these claims, but recognizes the risks, distractions, and costs associated with litigation.  Syneos contends that its conduct is and has been lawful at all times relevant and that Plaintiff's claims do not have merit and do not meet the requirements for class

certification or to maintain a representative action.

This Settlement is a compromise reached after good faith, arm's-length negotiations between Plaintiff and Syneos (collectively, the "Parties"), through their attorneys, and is not an admission of liability on the part of Syneos. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair, adequate, and reasonable. Plaintiffs also believe this Settlement is in the best interests of all Class Members and Aggrieved Employees.

The Court has not ruled on the merits of Plaintiff's claims or Syneos's defenses.

### Who are the attorneys representing the Parties?

The attorneys representing the Parties in the Civil Action are:

| **Class Counsel** | **Defense Counsel** |
|---|---|
| Shaun Setareh (SBN 204514) | Samuel S. Sadeghi |
| shaun@setarehlaw.com | samuel.sadeghi@morganlewis.com |
| Jose Maria D. Patino, Jr. (SBN 270194) | Barbara J. Miller |
| jose@setarehlaw.com | barbara.miller@morganlewis.com |
| Tyson Gibb (SBN 339154) | Hannah V. Schnell |
| Tyson @setarehlaw.com | hannah.schnell@morganlewis.com |
| SETAREH LAW GROUP | MORGAN, LEWIS & BOCKIUS LLP |
| 420 North Camden Drive | 600 Anton Boulevard, Suite 1800 |
| Beverly Hills, California 90210 | Costa Mesa, CA 92626-7653 |
| Telephone (310) 888-7771 | |
| Facsimile (310) 888-0109 | |

### What are the Settlement terms?

Subject to the Court's final approval, the key terms of the Settlement are as follows:

### Gross Settlement Amount

Subject to final Court approval, Syneos will pay $687,500.00 (the "Gross Settlement Amount"), which shall be inclusive of all payments to individual Class Members ("Individual Settlement Payments"), all attorneys' fees and expenses (including court costs) to be paid to Counsel for the Settlement Classes, any Class Representative Service Award, settlement administration costs and expenses, and all payments to Aggrieved Employees and the State of California Labor and Workforce Development Agency ("LWDA") for PAGA penalties.

### Net Settlement Amount

The "Settlement Fund" means the portion of the Gross Settlement Amount available for distribution to Class Members after the deduction of: (1) the Class Representative Service Award to the Plaintiff in an amount up to $15,000.00 for his services to the class as Class Representative, risks undertaken, and his individual release; (2) the Settlement administration costs to the Settlement Administrator, Phoenix Settlement Administrators, of up to $17,500.00; (3) $50,000.00 for PAGA payments to the LWDA and the Aggrieved Employees ("PAGA Penalties"); and (4) Class Counsel's attorneys' fees payment in an amount up to $171,875.00 and Class Counsel's litigation costs payment in an amount estimated not to exceed $25,000. All of these payments are subject to Court approval.

### PAGA Penalties

The "PAGA Penalties" means the amount allocated to penalties to settle claims alleged under the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, which is $50,000.00. 75% of the PAGA Penalties or $37,500.00 shall be paid to the LWDA and $12,500.00 shall be distributed to the Aggrieved Employees.

## Settlement Share Formulas

### (a)  Individual Settlement Payments (to Participating Class Members from the Settlement Fund)

If you are a Class Member and do not submit a valid and timely Opt Out, you will receive an Individual Settlement Payment determined based on the number of other Class Members that do not submit a valid and timely Opt Out (the "Participating Class Members").

The payment to each individual Participating Class Member will be based on their *pro rata* share of the Settlement Fund by (a) dividing the Net Settlement Amount by the total number of Pay Periods worked by all Participating Class Members during the Class Period and (b) multiplying the result by each Participating Class Member's Pay Periods.  "Pay Periods" means any biweekly pay period (between November 21, 2018 until June 30, 2024) or any bimonthly pay period (between July 1, 2024 and the date of preliminary settlement approval) in which a Class Member worked at least one day during the Class Period.

According to Syneos's records, you are a Class Member and you worked [dates of employment].

Pursuant to these calculations, your projected Individual Settlement Payment under the Settlement based on your membership in the Class would be approximately $_____.  The Settlement Administrator shall be responsible for issuing and providing IRS Forms 1099 to Participating Class Members for their Individual Settlement Payments.

Nothing in this Notice or the Settlement is intended to be tax advice.  You should consult your own tax advisor for such advice in connection with any Individual Settlement Payment.  In addition, if additional Class Members are identified, your Individual Settlement Payment may be reduced based on the above formula.

### (b)  Individual PAGA Payments (to Aggrieved Employees from 25% of the PAGA Penalties)

As noted above, the PAGA Penalties in this case are $50,000.00.  $37,500.00 of the PAGA Penalties, if approved, shall be issued to the LWDA.  The remaining $12,500.00 shall be paid to the Aggrieved Employees. This payment is calculated on a *pro rata* basis. The Administrator will calculate each Individual PAGA Payment by (a) dividing the amount of the Aggrieved Employees' 25% share of PAGA Penalties ($12,500.00) by the total number of Pay Periods worked by all Aggrieved Employees during the PAGA Period and (b) multiplying the result by each Aggrieved Employee's Pay Periods worked during the PAGA Period. Aggrieved Employees assume full responsibility and liability for any taxes owed on their Individual PAGA Payment.  Every Aggrieved Employee will receive an Individual PAGA Payment and cannot opt out of this term of the Settlement. As explained below, an Aggrieved Employee cannot Opt Out of the release of the Released PAGA Claims.

Pursuant to these calculations, your projected Individual PAGA Payment as an Aggrieved Employee would be approximately $_____.  Taxes will not be deducted from your Individual PAGA Payment.  Nothing in this Notice or the Settlement is intended to be tax advice.  You should consult your own tax advisor for such advice in connection with the PAGA Payment.  In addition, if additional Aggrieved Employees are identified, your Individual PAGA Payment may be reduced based on the above formula.

## Settlement Distribution

The Settlement Administrator shall distribute the Court-approved Individual Settlement Payments and Individual PAGA Payments by check to the last known mailing address for each Participating Class Member and Aggrieved Employee within 15 days after the funding of the Qualified Settlement Fund or within 45 days of the Effective Date, whichever is sooner.  To ensure that you receive all payments that may be due to you, please ensure that the contact information and mailing address on file with the Settlement Administrator is accurate:

> [Name]
> [Mailing Address]
> [City, State ZIP]
> [Phone Number]

QUESTIONS? CALL [Phoenix phone number] OR GO TO [settlement website URL]

[Email Address]

If any of the above is incorrect, please call the Settlement Administrator at _____ to update your contact information.

If any Individual Settlement Payment or Individual PAGA Payment check remains uncashed after 180 days from issuance, the Settlement Administrator will cancel those checks and shall pay the funds represented by such un-redeemed checks to the State of California Unclaimed Property Fund, as unclaimed property, in the name of the individual Participating Class Member and/or Aggrieved Employee. In that event, the Participating Class Member and/or Aggrieved Employee nonetheless shall be bound by the terms of the Settlement.

### *What claims are being released by the proposed Settlement?*

Providing there is final Court approval of this Settlement, then as of the date that Syneos transmits the Gross Settlement Amount to the Settlement Administrator, the Participating Class Members, individually and on behalf of all their respective successors, assigns, agents, attorneys, executors, heirs, and personal representatives, shall be deemed to have fully, finally, and forever released and discharged the Released Parties, and each of them, from all Released Class Claims.

"Released Class Claims" means All Participating Class Members, including Plaintiff, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties from all claims under any legal theory that were pleaded or that reasonably could have been pleaded in any complaint filed by Plaintiff in this Action based on the facts and matters pleaded or asserted therein or which reasonably could have been raised as part of Plaintiff's claims, including but not limited to claims for unfair business practices based on the pleaded facts or matters and failure to reimburse business expenses.

Providing there is final Court approval of this settlement, then as of the date that Syneos transmits the Gross Settlement Amount to the Settlement Administrator, the Aggrieved Employees, Plaintiffs, on behalf of themselves individually, the aggrieved employees, and the LWDA, and the LWDA, individually and on behalf of all their respective successors, assigns, agents, attorneys, executors, heirs, and personal representatives shall be deemed to have fully, finally, and forever released and discharged the Released Parties, and each of them, from all Released PAGA Claims.

"Released PAGA Claims" means All Participating and Non-Participating Class Members who are Aggrieved Employees, including Plaintiff, are deemed to release, on behalf of themselves, the State of California, and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for civil penalties under any legal theory that were or reasonably could have been raised in any complaint filed by Plaintiff or as part of Plaintiff's allegations in the PAGA Notice provided to the LWDA, including any claim for attorneys' fees and costs permissible under PAGA, that could reasonably have been raised by the facts alleged therein, including all claims for unreimbursed business expenses. This release shall apply to claims arising under PAGA during the PAGA Period. The Aggrieved Employees further agree that they will not participate or receive recovery or monies in connection with any other proceeding seeking penalties under Section 2699, which arises during the PAGA Period for claims based on the facts alleged in any of Plaintiff's complaints or PAGA Notice filed in connection with this this Action.

The "Released Parties" means Defendant, and with respect to Defendant, the following, either collectively or individually: any and all direct and indirect parent companies and subsidiary companies, and companies under common control with any of the foregoing, and its and their respective consultants, fiduciaries, agents, servants, exempt employees, contractors, partners, shareholders, members, owners, predecessors, advisors, managers, trustees, ancillary trustees, beneficiaries, representatives, officers, directors, attorneys, guarantors, insurers, employee benefit programs, successors and assigns, and all persons and entities acting by, through, under or in concert with them, or any of them.

### *HOW TO RECEIVE YOUR SETTLEMENT PAYMENT?*

**You do not need to do anything to receive your Individual Settlement Payment and/or Individual PAGA Payment.** However, no settlement payments will be made unless and until the Court grants final approval of the Settlement.

### *TO REQUEST EXCLUSION FROM THE SETTLEMENT AND THE CLASS*

If you do not want to be part of the Settlement and do not want to be bound by the release of the Released Class Claims,

you must fill out and submit the enclosed Request for Exclusion (Opt-Out) Form to the Settlement Administrator. Enclosed with this letter is a Request for Exclusion (Opt-Out) Form, or you can download a copy of this form at [settlement website URL]. You may use this form to request exclusion. In order to be valid, you must fill out the Request for Exclusion (Opt-Out) Form completely and timely submit it to the Settlement Administrator at the following address, email address, OR fax number, and it must be postmarked, sent by email, OR sent by fax to the Settlement Administrator on or before **[Response Deadline]**:

Phoenix Settlement Administrators
[Phoenix to add address]
[Phoenix to add email address]
[Phoenix to add fax number]

If you do not submit a timely and valid written request for exclusion, you will be bound by the release of the Released Class Claims as described above and all other terms of the Settlement. If you do timely submit a valid written request for exclusion, you will have no further role in the Civil Action as to the Released Class Claims, and you will not be entitled to any benefit as a result of Settlement as a Class Member. Any untimely or incomplete request for exclusion shall be considered null and void. **You cannot object to the Settlement if you submit a valid request for exclusion.**

This Settlement also resolves claims and actions brought pursuant to PAGA by Plaintiff acting as a proxy and as a Private Attorney General of, and for, the State of California and the LWDA. An Aggrieved Employee will be bound by the release of the Released PAGA Claims upon approval of the Settlement by the Court at the Final Fairness and Approval Hearing, regardless of whether he or she submitted a written request for exclusion as a Class Member, and regardless of whether he or she cashes an Individual PAGA Payment check.

## TO OBJECT TO THE SETTLEMENT

If you believe the proposed Settlement is not fair, reasonable or adequate in any way, you may object to it. To object, you (or your attorney) must submit a written brief or statement of objection ("Objection") to the Court by mail postmarked on or before **[Response Deadline]**. The objection must identify this case as *Scurlock v. Syneos Health US, Inc.*, Case No. 2:22-CV-09444 FMO (JCx) and state the first and last name of the objector (and their attorney, if applicable). Objections must be mailed to: Clerk of Court, Courtroom 6D, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012.

If you timely submit an Objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. Your objection will be considered by Court, whether or not you appear at the hearing. **Even if you submit an Objection, you will be bound by the terms of the Settlement, including the release of Released Class Claims and Released PAGA Claims as set forth above, unless the Settlement is not finally approved by the Court.**

## DISPUTES AS TO PAY PERIODS ALLOCATED

If you disagree with the number of Pay Periods written on this Notice of Class and PAGA Settlement, you have the option of submitting a written explanation of why you believe the Pay Periods count is inaccurate. Each Class Member shall have sixty (60) days after the Administrator mails the Class Notice (plus an additional fourteen (14) days for Class Members whose Class Notice is re-mailed) to challenge the number of Pay Periods allocated to the Class Member in the Class Notice. The Class Member may challenge the allocation by communicating with the Administrator via fax, email or mail. The Administrator must encourage the challenging Class Member to submit supporting documentation. In the absence of any contrary documentation, the Administrator is entitled to presume that the Pay Periods contained in the Class Notice are correct so long as they are consistent with the Class Data. The Administrator shall promptly provide copies of all challenges to calculation of Pay Periods to Defense Counsel. Final determination of any such challenge shall be made by Defendant following a conference with Class Counsel and, to the extent possible, resolved prior to finalizing the amounts distributable to Participating Class Members and Aggrieved Employees.

If you wish to dispute the number of Pay Periods allocated to you, the Settlement Administrator to whom your optional written explanation disputing the number of Workweeks allocated to you must be mailed is:

Phoenix Settlement Administrators
[Phoenix to add contact]

-6-

QUESTIONS? CALL [Phoenix phone number] OR GO TO [settlement website URL]

Docusign Envelope ID: 3F142EFD-F582-4DC7-82F9-6352D330A798

**WHAT IF I DO NOTHING?**

**If you do nothing, you will receive an Individual Settlement Payment and Individual PAGA Payment, if applicable, should the Court grant final approval of the Settlement. If you do nothing, you will be bound by the terms of the Settlement, including the release of Released Class Claims and Released PAGA Claims, and barred from suing Defendants or any of the Released Parties on the Released Class Claims and Released PAGA Claims.**

**What is the next step in the approval of the Settlement?**

The Final Fairness and Approval Hearing on the fairness and adequacy of the proposed Settlement, including the plan of distribution, the payment of attorneys' fees and costs, the Class Representative Service Award to the Class Representative, if any, the PAGA Penalties, or any other aspect of the Settlement will be held on _____, at _____, in Courtroom 6D, 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012. The Final Fairness and Approval Hearing may be moved or continued without further notice. You are not required to attend the Final Approval Hearing to receive an Individual Settlement Payment or Individual PAGA Payment. If you choose to attend the Final Approval Hearing, you may appear in person or remotely depending upon the Court's decision whether such a hearing will be held remotely or in person.

Please check the settlement website or the Court's PACER website to confirm that the date listed above has not changed. For instructions on how to access the case docket, please see the instructions above. If the Court grants Final Approval of the Settlement, the Order granting Final Approval and entering a Judgment will be posted on a website created by the Settlement Administrator for this case for a period of at least 90 days following the entry of that Order in the Court record. That website is: [settlement website URL].

**How can I get additional information?**

This Notice summarizes the Civil Action and the basic terms of the Settlement. More details are in the Class Action and PAGA Settlement Agreement. You may also request a copy of the Class Action and PAGA Settlement Agreement from Class/PAGA Counsel, at the address listed above. If you have questions regarding the Settlement, you may visit [settlement website URL], or you may contact the Settlement Administrator at [Phoenix phone number].

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE OR THE SETTLEMENT.**

QUESTIONS? CALL [Phoenix phone number] OR GO TO [settlement website URL]

# EXHIBIT B

# REQUEST FOR EXCLUSION (OPT-OUT) FORM

[Class Member Name]
[Address]
[City, State, Zip Code]
[Telephone Number]

## I.      INSTRUCTIONS

On _____, 202__, the U.S. District Court for the Central District of California preliminarily approved a class action and PAGA settlement in *Reginald Scurlock v. Syneos Health US, Inc.,* Case No. 2:22-CV-09444 FMO (JCx).  Please see the accompanying Notice of Class and PAGA Settlement (the **"Notice")** for more information.

**If you do not want to participate in the settlement, you must request exclusion from it (i.e., "opt out").  If you opt out, you will have no rights under the settlement as a Class Member and you will not receive any settlement compensation as a Class Member.**

**However, please note that if you are also an Aggrieved Employee, you will still release the Released PAGA Claims and be paid your Individual PAGA Payment under the Settlement.**

To opt out, you must follow the instructions in the accompanying Notice, which provide that you may complete, sign, and submit this Request for Exclusion (Opt-Out) Form.  This form must be submitted to the Settlement Administrator, Phoenix Settlement Administrators, by ONE (1) of the following methods:

1. Mail to [**PHOENIX'S ADDRESS**], and it must be postmarked on or before _____, 202__.
2. Email to [**PHOENIX'S EMAIL ADDRESS**] on or before _____, 202__.
3. Fax to [**PHOENIX'S FAX NUMBER**] on or before _____, 202__.

If you do not opt out, and the settlement is granted final approval by the Court, then you will be bound by the terms of the settlement reached on your behalf, and payment of your share of the settlement will automatically be issued to the last known address on file for you.

## II.      SIGNATURE

BY MY SIGNATURE BELOW, I elect to opt out of the settlement in *Reginald Scurlock v. Syneos Health US, Inc.,* Case No. 2:22-CV-09444 FMO (JCx).  I understand that, by opting out, I will have no right to object to the settlement or to receive any compensation as a Class Member under the settlement.

Dated: _____/_____/_____

Signature: _____

Print First and Last Name: _____

Current Telephone Number OR Email Address: _____

Current Address: _____

_____

_____